UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MORSEY CONSTRUCTORS, LLC | Case No. 24-50079-acs |
| Debtor. | Hon. Alan C. Stout |
| COMMUNITY FINANCIAL SERVICES BANK | Adv. Proc. No. 25-05002-acs |
| Plaintiff, | |
| v. | |
| MARK R. LITTLE, CHAPTER 7 TRUSTEE | |
| & | |
| UNITED STATES FIRE INSURANCE COMPANY | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO MARK R. LITTLE'S MOTION TO DISMISS**

Plaintiff Community Financial Services Bank ("CFSB") provides this brief in opposition to Defendant Mark R. Little's ("Trustee") Motion to Dismiss Plaintiff's Claim with Prejudice and Request for Fees ("Motion"). Despite Defendant's mischaracterization of CFSB's Complaint, CFSB has pleaded plausible claims against the Trustee in his official capacity. For the reasons below, CFSB respectfully requests that the Court deny Defendant's Motion. A memorandum in support is attached.

Respectfully submitted,

*/s/ J.B. Lind*
J.B. Lind (KBA No. 92594)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone: (513) 723-4000
Facsimile: (513) 852-7819
jblind@vorys.com

**Counsel for Plaintiff Community Financial Services Bank**

**MEMORANDUM IN SUPPORT**

I.  **PRELIMINARY STATEMENT**

1. This case is about the Trustee's ***complete failure*** to perform duties that he voluntarily assumed as part of his responsibilities as Chapter 7 trustee for the bankruptcy estate of Morsey Constructors, LLC. At the outset of the bankruptcy, CFSB agreed to allow the Trustee to collect the debtor's accounts receivable subject to CFSB's first-priority security interest ("AR"). As part of that arrangement, CFSB and the Trustee agreed that 25% of whatever the Trustee collected would go to the bankruptcy estate to the benefit of all other creditors. CFSB's and the Trustee's arrangement is referred to in this Opposition as the "Agreement."

2. Over the next few months, the Trustee represented that he had sent out demand letters related to the AR, and that he would continue to do so and take all other steps necessary to collect the AR. As time passed, CFSB attempted to follow up with the Trustee for updates, but the Trustee ignored CFSB's inquiries. Ultimately, about four months later, the Trustee revealed that he had ***failed to send a single demand letter or take any other action to collect the AR***. The Trustee granted relief from the stay to allow CFSB to collect what AR it could, but the Trustee acknowledged that the passage of time had impaired the AR's value.

3. The Trustee's failure to act injured CFSB ***and*** the bankruptcy estate. CFSB has had limited success in its collection efforts, with over $3,000,000 in AR outstanding. Furthermore, because the Trustee shirked his obligations under the Agreement, the bankruptcy estate will no longer share in those limited collections.

4. Pursuant to Federal Rule of Bankruptcy Procedure 2010(b) and Sixth Circuit law, CFSB commenced this adversary proceeding as a party in interest to recover on the Trustee's bond. The Trustee was required to perform his duties faithfully and, at the very least, with ordinary care.

3

But as to the AR, the Trustee failed to perform at all. On top of that, the Trustee actively concealed and misrepresented his inaction.

5. CFSB easily has satisfied the liberal pleading standards required to survive a motion to dismiss. First, there is no basis to dismiss CFSB's Adversary Complaint as a matter of law, as the Sixth Circuit recognizes claims for negligent administration against a Trustee. A trustee must conserve assets of the bankruptcy estate and act with due care, diligence, and skill in discharging that duty. As a result, "[a] bankruptcy trustee is liable in his official capacity for acts of negligence." *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 461 (6th Cir. 1982).

6. Moreover, CFSB has adequately pleaded facts in support of its negligence claim against the Trustee. As outlined in the Adversary Complaint, the Trustee entered the Agreement but then failed to take **any** action to protect or collect the AR, resulting in injury to CFSB and the bankruptcy estate. These failures are on top of the Trustee's repeated misrepresentations to CFSB. Time and again, the Trustee (mis)represented that he had taken actions to fulfill his obligations when, in fact, he had failed to act. If voluntarily assuming a clear duty, failing to take any action to discharge that duty, and misrepresenting that inaction—to the detriment of the bankruptcy estate—is not negligent administration, it is unclear what negligent administration is. CFSB has adequately pleaded a negligence claim.

7. The Trustee's Motion ignores clear Sixth Circuit law and the facts. The Trustee tries to distract the Court by generally emphasizing his efforts to oversee the bankruptcy estate. That is irrelevant. This dispute is not about the actions the Trustee took regarding the general bankruptcy estate. It is about the Trustee's complete failure to act related to a specific asset, the AR, which could have contributed to the bankruptcy estate. An order granting dismissal would allow for a trustee to enter an agreement with a creditor, willfully breach that agreement,

4

misrepresent his performance to the creditor, and harm that creditor (in this case, a community bank) and all other creditors by depleting the unsecured claims pool. This is not and cannot be the law.

8. For these reasons, and as more fully set forth below, CFSB respectfully requests that this Court deny Defendant's Motion and resolve its claims on the merits after discovery.

## II. ARGUMENT[1]

### A. Standard

9. "In assessing a motion to dismiss under Rule 12(b)(6), this court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 403 (6th Cir. 2012) (citation omitted).

10. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2). "'Specific facts are not necessary; the statement **need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests**.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)) (emphasis added).

11. Generally, "[w]hen reviewing a motion to dismiss, the district court may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th

---

[1] Contemporaneous with this Opposition, CFSB is filing a motion for leave to amend and a proposed amended complaint. The proposed amended complaint is purely procedural and does not change the substance of CFSB's claims. It adds the United States as a nominal party in accordance with Fed. R. Bankr. P. 2010(b). Fed R. Bankr. P. 2010(b) ("A party in interest may bring a proceeding in the United States' name on a trustee's bond for the use of the entity injured by the trustee's breach of the condition.").

Cir. 2009). The Court may consider "exhibits [attached to the complaint], public records, items appearing in the record of the case and exhibits attached to [a] motion to dismiss[,]" but they must be "referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added). Using the term "integral" as a synonym for "central" in applying this rule, Kentucky Federal District Courts have observed that documents or information are "integral" to a complaint when the complaint "relies heavily upon its terms and effect." *Bank of Am., N.A. v. Corporex Realty & Inv., LLC*, 875 F. Supp.2d 689, 697 (E.D. Ky. 2012).

12. Contrary to this rule, the Trustee relies on information and documents related to the Trustee's administration of the general bankruptcy estate. (Motion, p. 2-5). This material is unrelated to the Adversary Complaint and cannot be considered on a motion to dismiss. As explained below, even if the Court considers this extra-complaint material, it merely demonstrates that dismissal under Rule 12(b)(6) is inappropriate.

### B. CFSB Has Adequately Pleaded Claims for Breach of Fiduciary Duty and Negligence Against the Trustee in His Official Capacity.

13. CFSB has adequately pleaded claims for breach of fiduciary duty and negligence against the Trustee. "A trustee in bankruptcy may be liable for violations of his fiduciary duties[,]" which liability may be "in his official capacity or individually." *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 461 (6th Cir. 1982). "A bankruptcy trustee is liable in his official capacity for acts of negligence." *Id.* (citation omitted). "The applicable standard is the exercise of due care, diligence and skill both as to affirmative and negative duties." *Id.* And "[t]he measure of care, diligence and skill required of a trustee is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with a similar object in view." *Id.*; *see also Carson, Pirie, Scott & Co. v. Turner*, 61 F.2d 693, 694–95 (6th Cir. 1932) (a trustee must exercise

6

reasonable diligence to conserve the estate and "be made to account for any assets which were dissipated through his negligence.").

14. Whether a party exercised "ordinary care" is "a question of fact for the jury to determine." *Taylor v. Cirino*, 321 F.2d 279, 282 (6th Cir. 1963); *Young v. Hicks*, No. 5:19-CV-200-TBR, 2021 U.S. Dist. LEXIS 163637, at *49 (W.D. Ky. Aug. 30, 2021) (same). Similarly, whether a trustee should have taken protective or collection steps (e.g., procuring insurance, securing premises, timely pursuing receivables) is a fact-intensive issue that cannot be resolved on the pleadings. *See, e.g.*, *United States ex rel. Central Sav. Bank v. Lasich (In re Kinross Mfg. Corp.)*, 174 B.R. 702, 706–07 (Bankr. W.D. Mich. 1994) (declining to decide "as a matter of law" whether insuring estate property was required because the question must be decided "after evidence is presented").

15. In *Kinross Manufacturing Corp.*, a secured creditor sued the Chapter 7 trustee (official capacity) and the trustee's surety after vandalism at the debtor's vacant plant, alleging negligent failure to insure estate assets. *(United States by Cent. Sav. Bank v. Lasich (In re Kinross Mfg. Corp.)*, 174 B.R. 702 (Bankr. W.D. Mich. 1994). The court rejected the surety's "failure to state a claim" argument, reaffirmed that a trustee's duty is to conserve estate assets under the Sixth Circuit's prudent-person standard, and held that whether insurance was required could not be decided on a motion to dismiss because it was a fact issue to be determined at trial based on evidence. 174 B.R. at 706–07. The court also addressed the trustee's blanket bond, holding that the "faithfully perform" language in a bond encompasses negligent performance—i.e., a trustee who "negligently" performs an official duty has not performed it "faithfully." Thus, the court held that a claim against the trustee's bond for negligence could proceed past the pleadings. 174 B.R. at 707 (following *Estate of Reich v. Burke (In re Reich)*, 54 B.R. 995 (Bankr. E.D. Mich. 1985)).

16. CFSB alleges viable claims against the Trustee in his official capacity for failure to exercise ordinary care. CFSB alleges in its Complaint that the Trustee entered into an agreement to collect the AR, Compl. ¶19; that the Trustee told CFSB that he had taken steps to collect the AR, *id*. ¶ 20; that, for several months, the Trustee ignored inquiries from CFSB regarding the steps he had taken to recover the AR, *id*. ¶ 21; and that the Trustee admitted to misrepresenting that he had taken actions to collect the AR, *id*. ¶ 22. As in *Kinross*, these allegations give rise to a plausible negligence claim. If a trustee's decision to insure or not insure an asset can give rise to a negligence claim, certainly this Trustee's failure to take ***any action at all*** to preserve an asset of the estate and ***repeated misrepresentations*** can support a negligence claim. To hold otherwise would be to eviscerate a trustee's potential liability for negligent administration. This Court cannot categorically hold that a Trustee's failure to act can never amount to negligence, but that is exactly what the Trustee's Motion asks the Court to do.

17. The Trustee asserts that he did "not breach any alleged duties to CFSB by using his business judgment to prioritize actions that will benefit the estate as a whole . . . ." (Mot. ¶ 45). First, the Trustee misconstrues CFSB's allegations. CFSB does not allege that the Trustee exercised poor judgment. CFSB alleges that the Trustee failed to exercise any judgment at all. He simply did nothing to preserve or collect the AR, which injured CFSB ***and*** the estate as whole. Second, and regardless, the Trustee's argument confirms a factual issue that cannot be resolved on a motion to dismiss. Again, in *Kinross Manufacturing Corp.*, the trustee failed to insure certain property. *In re Kinross Mfg. Corp.*, 174 B.R. at 706. The court recognized that "in certain instances, insuring a particular asset be unfeasible or unwarranted" and thus "the trustee's choice to stand uninsured might be well founded." *Id.* But ultimately, the trustee's decision "[was] bound inextricably with the particular facts of th[e] case," meaning that the court could not decide whether

8

he exercised ordinary care on a motion to dismiss. *Id.* The same is true here, and the Trustee's Motion should be denied.

18. The Trustee's cited case law does not change the result and, if anything, confirms that the Court should not dismiss CFSB's claims. The Trustee relies heavily on *New Prods. Corp. v. Tibble (In re Modern Plastics Corp.)*. But that case supports CFSB's claims. There, the court held a bench trial "to determine whether the condition or value of the Property was such that 'an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with a similar object in view' would have behaved as [the trustee] allegedly did." The court did not dismiss the creditor's negligent administration claim outright; it did not even grant summary judgment on the issue. Accordingly, there is no basis to dismiss CFSB's Adversary Complaint.

19. Defendant's reliance on *Wilhoite v. Lemah* (*In re Wilhoite*) is also misplaced. There, the complaint lacked any facts to support the claims made against the trustee. *See Wilhoite v. Lemah* (*In re Wilhoite*), Nos. 3:11-06339, 14-90008, 2014 Bankr. LEXIS 2153, at *30 (Bankr. M.D. Tenn. May 14, 2014) ("Besides being so vague and ambiguous that the amended complaint fails all fundamental pleading standards, nothing alleged in Mr. Wilhoite's revised complaint even touches on how it is the trustee's fault that he has nondischargeability judgments taken against him for fraud."). To the contrary, here, CFSB has alleged detailed facts in support of its claims—namely, that the Trustee voluntarily entered the Agreement; failed to take any action to collect the AR; and misrepresented on several occasions that he had acted. The Trustee did not make any judgment regarding the AR. To the detriment of CFSB and the bankruptcy estate, he did ***nothing***.

C.   **The Trustee Has No Basis to Request Attorney Fees.**

20. Lastly, there is no basis for attorney fees to be awarded to the Trustee, nor does the Motion provide any specificity for why such award would be appropriate. "Generally, under the

9

'American Rule,' which applies to litigation in the bankruptcy courts, a prevailing litigant may not collect attorney fees from his opponent unless authorized by federal statute or an enforceable contract between the parties." *Baker v. Wentland (In re Wentland)*, 410 B.R. 585, 601 (Bankr. N.D. Ohio 2009). Furthermore, "attorney's fees must be sought in a bankruptcy adversary proceeding by a separate count of the complaint or other pleading and not merely in the prayer for relief." *Id.* at 602.

21. The only remaining exception that Trustee could possibly seek fees through is bad faith. However, "in order to award attorney fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231, etc.*, 829 F.2d 1370, 1375 (6th Cir. 1987)). Further, "the bad faith exception requires that the district court make actual findings of fact that demonstrate that the claims were meritless, that counsel knew or should have known that the claims were meritless, *and* that the claims were pursued for an improper purpose." *Id.* at 314.

22. Here, Trustee lacks specificity as to what grounds he has to request attorney's fees. Rather, Trustee has merely provided in its prayer for relief that the Court "grant[] the Trustee's request for fees…" (Mot. p. 15). Thus, his claim for attorneys' fees fails to meet the specificity required in adversary proceedings and certainly fails to allege sufficient facts that support a finding that Plaintiff's claims are meritless or pursued for an improper purpose. This being the case, the Court should unequivocally deny Trustee's claim for fees.

III. **CONCLUSION**

23. For these reasons, the Court should deny the Motion.

Respectfully submitted,

<u>/s/ *J.B. Lind*</u>
J.B. Lind (KBA No. 92594)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202
Telephone:  (513) 723-4000
Facsimile:   (513) 852-7819
jblind@vorys.com

***Counsel for Plaintiff Community Financial Services Bank***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served on this 2nd day of September 2025 via electronic mail, and US mail upon the following:

April A. Wimberg
Patrick Navin
Dentons Bingham Greenebaum LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
april.wimberg@dentons.com
patrick.navin@dentons.com

*Counsel to Mark R. Little*

CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio

*Registered Agent,*
*United States Fire Insurance Company*

                                                    /s/ *J.B. Lind*
                                                    J.B. Lind