UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MORSEY CONSTRUCTORS, LLC | Case No. 24-50079-acs |
| Debtor. | Hon. Alan C. Stout |
| COMMUNITY FINANCIAL SERVICES BANK | Adv. Proc. No. 25-05002-acs |
| Plaintiff, | |
| v. | |
| MARK R. LITTLE, CHAPTER 7 TRUSTEE | |
| & | |
| UNITED STATES FIRE INSURANCE COMPANY | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S CLAIM WITH PREJUDICE AND REQUEST FOR FEES**

Mark Little, noy individually but as the former chapter 7 trustee (the "Trustee") for the bankruptcy estate of Morsey Constructors, LLC (the "Debtor"), by and through counsel, hereby replies (the "Reply") in support of the *Motion to Dismiss Plaintiff's Claim With Presjudice and Request for Fees* [Adv. Docket No. 5] (the "Motion to Dismiss") filed by the Trustee, and in support thereof respectfully states as follows:

**INTRODUCTION**

1. The Motion to Dismiss should be granted because the *Complaint for Damages Against Bond of Mark R. Little as Chapter 7 Trustee* (the "Complaint") filed by Community

Financial Services Bank, Inc. ("CFSB") fails to state a claim upon which relief can be granted. Specifically, the Complaint suffers from at least two fatal flaws. First, the Complaint does not contain allegations to meet the heightened pleading standards required for claims against chapter 7 bankruptcy trustees because the Complaint does not allege willful misconduct and the Trustee has immunity to the negligence claim. Second, the Complaint does not sufficiently allege that CFSB suffered any damages, a requsite element of CFSB's causes of action.

2. The Complaint should be dismissed as a matter of law under rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to this adversary proceeding by rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and a discussion of the evidence is not necessary. However, it is telling that CFSB seemingly felt compelled to bolster its sparse allegations in the Complaint in the *Plaintiff's Opposition to Mark R. Little's Motion to Dismiss* [Adv. Docket No. 21] (the "Objection") by mischarachterizing the record to suggest that the Trustee made "***repeated misrepresentations***" and that there was a "***complete failure*** to perform duties that [the Trustee] voluntarily assumed as part of his responsibilitues as Chapter 7 trystee for the bankrupcy estate of Morse Constructors, LLC." (Objection, at ¶¶ 1 and 16) (emphasis in the original). The very documents attached to the Complaint and the record of the chapter 7 bankruptcy case demonstrate that these statements are not true.

### ARGUMENT

**A. The Complaint Does Not State A Viable Cause of Action Against the Trustee and Should be Dismissed as a Matter of Law Under Civil Rule 12(b)(6).**

3. Here, the Complaint fails to state a viable cause of action for at least two reasons: (i) the Complaint does not allege willful misconduct and the Trustee has immunity to CFSB's

2
25075154.v2

negligence claim; and (ii) CFSB has not sufficiently alleged that it suffered damages because of the Trustee.

> ### i. *The Complaint Does Not Allege Willful Misconduct, and the Trustee Has Immunity to CSFB's Negligence Claim.*

4. A bankruptcy trustee is protected by quasi-judicial immunity so long as they act within the scope of their discretionary authority. *In re McKenzie*, 716 F.3d 404, 413 (6th Cir. 2013); *In re Leahl Realty Assoc.*, 101 F.3d 272, 276 (2d. Cir. 1996). "The Sixth Circuit held in *Weaver*, that a bankruptcy trustee is only liable for injuries arising from intentional as opposed to negligent conduct." *In re Wilhoite*, Adv. No. 14-90008, 2014 WL 1922846, at *4 fn 2 (Bankr. M.D. Tenn. May 14, 2014) (citing *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 462 (6th Cir. 1982)). As such, CFSB's Count II in the Complaint should be summarily dismissed with prejudice.

5. A bankruptcy trustee may only be liable for acts "willfully and deliberately" performed in violation of his fiduciary duties. *In re McKenzie*, 716 F.3d at 413 (quoting *Weaver*, 680 F.2d at 462).

6. Here, there are no allegations in the Complaint that any of the Trustee's actions were willful or deliberate. Rather, the Complaint alleges simply that the Trustee was not active in pursuing accounts receivable between entering into an agreement with CFSB in the Fall of 2024 until January 2025. Even assuming that the allegations in the Complaint are true, which the Trustee does not concede, the correspondence attached to the Complaint demonstrate that the Trustee was: looking into the accounts receivable and communicating with CFSB (though not to every single call). Further, the record of the bankruptcy case demonstrates that the Trustee and his professionals were pursuing accounts receivable during this same period of time. *Johnson v. Pugh*, No. 11-CV-385 (RRM)(MDG), 2013 U.S. Dist. LEXIS 86699, at *5 (E.D.N.Y. June 18, 2013) (a court may

3
25075154.v2

consider as part of judicial notice matters of public record). Specifically, a fee application of one of the Trustee's professionals filed in late November 2024 shows that during the relevant period she was engaged in pulling invoices to pursue old AR [Docket No. 307-3] and the Trustee for his part filed a Motion to Show Cause [Docket No. 270] to compel the Debtor to turnover documents. What the Complaint truly alleges is that the Trustee did not pursue the accounts receivable as CFSB wanted him to, but it does not sufficiently allege any willful or deliberate misconduct on behalf of the Trustee.

### ii. *The Complaint Does Not Allege that the Trustee Caused Any Damages to CFSB.*

7. To allege a breach of fiduciary duty, a plaintiff must prove (1) the existence of a fiduciary duty owed to the plaintiff, (2) that the defendant breached a fiduciary duty that it owed to plaintiff and (3) that the breach proximately caused damages. *Pagliara v. Johnston Barton Proctor & Rose, LLP*, 708 F.2d 813, 818 (6th Cir. 2013). Thus, a plaintiff must allege damages to successfully state claims for breach of fiduciary duty.

8. Here, CFSB fails to show that any alleged breach of fiduciary duty by the Trustee resulted in damages to CFSB or the Debtor's bankruptcy estate. In an attempt to show damages, CFSB states in the Complaint and Objection that the Trustee has acknowledged that the passage of time had impaired the value of the accounts receivable. [Complaint, ¶ 24, citing Exhibit 5, ¶ 24; Docket No. 21, ¶ 2.] However, as discussed in the Motion to Dismiss, the Court can ignore this intentionally misleading allegation because, in reality, the only statement the Trustee has made to this effect is that "[a]s time goes by, the Morsey A/R may be more difficult to collect." [Docket Nos. 1-5; 5, ¶ 15.] The Court can readily determine by the Trustee's actual statement that any damages would be too speculative to determine, and CFSB has not pointed to any other evidence of damages resulting from the Trustee's alleged actions or inaction.

4

25075154.v2

9. CFSB relies on *Kinross Manufacturing Corp.* for the contention that the Court cannot resolve a question of whether a trustee should have taken protective of collection steps based on the pleadings. [Adv. Docket No. 21, ¶ 14]; *see United States ex rel. Central Sav. Bank v. Lasich (In re Kinross Mfg. Corp.)*, 174 B.R. 702, 706-07 (Bankr. W.D. Mich. 1994). However, this case is easily distinguishable because damages were readily apparent under the facts involved in that case. In *Kinross Mfg. Corp.*, a secured creditor alleged that the chapter 7 trustee negligently failed to insure estate assets after the debtor's vacant plant was "broken into with resulting extensive vandalism and theft." *In re Kinross Mfg. Corp.* 174 B.R. at 704. Additionally, *Kinross Mfg. Corp.* involved a question of whether the trustee should have insured estate property that was in the trustee's custody. *See id.* at 706-07.

10. Here, CFSB merely points towards the Trustee's statement that a delay in collecting accounts receivable *may* result in the accounts receivable being more difficult to collect. [Adv. Docket Nos. 1-5; 5, ¶ 15.] The Trustee did not even state that a lower amount may be collected, just that it may be more difficult to collect. Thus, this case is very different from *In re Kinross Mfg. Corp.*, where damages were readily apparent and much easier to calculate.

11. Moreover, the trustee in *In re Kinross Mfg. Corp.* was a custodian of the vacant building, which was the property upon which the creditor had a lien. *Id.* at 706-07. Courts within the Sixth Circuit have made clear that a chapter 7 trustee mainly represents unsecured creditors, and represents secured creditors "only in his capacity as a custodian of the property upon which they have a lien." *New Products Corp. v. Tibble (In re Modern Plastics Corp.)*, 577 B.R. 270, 278 (W.D. Mich. 2017) (citing *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 462 n.8 (6th Cir. 1982)). Here, old accounts receivable which had already aged as of the commencement of the bankruptcy case are not the same type of physical collateral that a Trustee must serve as a custodian

of like the real property in *Kinross*. A roughly four-month delay in collecting accounts receivable for CFSB does not pose the same risk as failing to insure a vacant building in the trustee's custody. The Trustee simply did not owe a fiduciary duty to CFSB to prioritize the collection of the accounts receivable over collecting and administering the other assets of the estate.

**B.      The Complaint Should be Dismissed as a Matter of Law Under Civil Rule 12(b)(6), But CFSB's Misstatements and Should Not Be Continenced.**

12.     In the Objection, CFSB grossly overstates the facts concerning the Trustee's handling of the accounts receivables in an attempt to push a narrative that the Trustee acted willfully. CFSB alleges that "the Trustee actively concealed and misrepresented his inaction" [Docket No. 21, ¶ 4], that "the Trustee admitted to misrepresenting that he had taken actions to collect the [accounts receivable]" [*Id.*, ¶ 16.], and that the Trustee made "repeated misrepresentations" to CFSB. [*Id.*] But the actual facts alleged in the Complaint do not support this characterization of events to a reasonable person.

13.     The Complaint alleges that the Trustee sent CFSB an email stating that he was taking steps to collect the accounts receivable [Complaint, ¶ 20], that the Trustee did respond to other inquiries from CFSB [*Id.*, ¶ 21], and that the Trustee later informed CFSB that he had not yet mailed accounts receivable demand letters. [*Id.*, ¶ 22.] In these alleged facts, there is only one instance of the Trustee making any sort of misstatement, which he later corrected when speaking with CFSB. It is highly improper to conflate one mistaken email with active concealment and intentional, repeated misrepresentations.

14.     Similarly, in the Objection CFSB alleges that "The Trustee did not make any judgment regarding the AR. To the detriment of CFSB and the bankruptcy estate, he did ***nothing***." [Adv. Docket No. 21, ¶ 19] (emphasis in the original). This allegation is undercut by an email attached to the Complaint, the time descriptions of a professional engaged by the Trustee who was

6

25075154.v2

pulling documents related to accounts receivable [Docket No. 307-3], as well as the sale motions, motions to compel and other work the Trustee was doing in the bankruptcy case and which is reflected on the docket.

15. CFSB's reckless allegations have caused the Trustee to resign in the bankruptcy case. The Trustee expressly reserves his rights to assert claims for damages.

## CONCLUSION

16. WHEREFORE, the Trustee respectfully requests that this Court enter an order (i) dismissing the Complaint asserted against the Trustee with prejudice; (ii) granting the Trustee's request for fees; and (iii) granting such further relief as may be equitable and just.

Dated: September 16, 2025

Respectfully submitted,

*/s/ James R. Irving*
James R. Irving
April A. Wimberg
Patrick Navin
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3719
E-mail: james.irving@dentons.com
april.wimberg@dentons.com
patrick.navin@dentons.com

*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I, certify that on September 16, 2025, I filed the foregoing document with the Court's CM/ECF electronic filing system, which caused the document to be served on all parties in this case receiving notice and service through the Court's CM/ECF electronic filing system.

*/s/ James R. Irving*
James R. Irving

*Counsel to the Trustee*